

FILED
2005 Dec-15  AM 11:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EARNEST LEWIS, ] | |
| ] | |
| Plaintiff(s), ] | |
| ] | |
| vs. ] | CV-05-CO-01113-S |
| ] | |
| CHEROKEE NAT'L LIFE INS. CO, et al., ] | |
| ] | |
| Defendant(s). ] | |

OPINION AND ORDER

The Court has for consideration a "Motion to Dismiss," filed by defendants Sherman Acquisitions Limited Partnership, Sherman Acquisitions, LP, and Alegis Group, LP, on September 9, 2005. (Doc. 22.) The motion has been briefed and is ready for decision.

This action arises out of an August 11, 2000, loan transaction between defendant Washington Mutual Finance, LLC, and plaintiff Earnest Lewis. As part of the transaction, Washington Mutual sold a Cherokee National Insurance policy to Lewis which provided for the repayment of Lewis's loan obligation to Washington Mutual in the event that Lewis became disabled. Lewis avers that he subsequently became disabled, and Washington Mutual

thereafter collected benefits from Cherokee National.  Lewis claims the defendants continued attempts to collect the loan after it had been paid by Cherokee National.  He claims invasion of privacy (Count 1), outrage (Count 2), and violations of the Fair Debt Collection Practices Act (Count 3).

The moving defendants contend Plaintiff's claim under the Fair Debt Collection Practices Act ("FDCPA") should be dismissed because the allegations are insufficient to show these defendants are directly or indirectly responsible for contacting Plaintiff.  Acknowledging an allegation that Tate, the entity that attempted to collect the debt, acted as their agent, servant, or employee, the moving defendants nonetheless argue the alleged facts do not support that statement.  The moving defendants also contend the alleged facts do not support claims for invasion of privacy and outrage.

"A motion to dismiss is only granted when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir.  1998), citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  A complaint shall contain (1) a short

and plain statement of the grounds upon which the court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). "At this stage of the litigation, we must accept petitioner's allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Accepting the plaintiff's allegations as true, the Court finds the plaintiff has sufficiently pled his claims. Accordingly, the motion to dismiss is DENIED.

Done this <u>15th</u> day of <u>December 2005</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153