FILED
2006 Aug-23 PM 12:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EARNEST LEWIS,           ) | |
| )                        | |
| Plaintiff,           ) | |
| )                        | |
| vs.                      ) | 2:05-CV-01113-LSC |
| )                        | |
| CHEROKEE NATIONAL LIFE   ) | |
| INSURANCE COMPANY, et al., ) | |
| )                        | |
| Defendants.          ) | |

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration motions for summary judgment filed by defendant CitiFinancial, Inc. ("CitiFinancial"), which is referenced in Plaintiff's Amended Complaint as Washington Mutual Finance, LLC ("Washington Mutual"),[1] on April 28, 2006 (Doc. 43);[2] defendants Sherman

---

[1] CitiFinancial acquired Washington Mutual after the events alleged in Plaintiff's Complaint.

[2] On April 28 2006, CitiFinancial re-filed its motion for summary judgment and memorandum in support of its motion to comply with this Court's requirement that all documents be filed in 14 point font. (Docs. 43, 44.) Aside from differences in font size, these documents are the same as those filed on February 16, 2006. (Docs. 37, 38.) Therefore, CitiFinancial's first motion for summary judgment (Doc. 37) will be stricken.

Acquisition, LP ("SALP") and Alegis Group L.P. n/k/a Resurgent Capital Services, L.P. ("Resurgent") on February 7, 2006 (Doc. 35); and defendant Tate & Kirlin Associates on February 7, 2006 (Doc. 33).  Plaintiff Earnest Lewis sued Defendants for invasion of privacy and outrage under state law, as well as violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, for alleged phone calls and letters received when Mr. Lewis stopped making payments on a loan he obtained from Washington Mutual on August 11, 2000.[3]  (Doc. 1, "First Amendment to Complaint.")  Defendants have moved for summary judgment on all of Plaintiff's claims.  Plaintiff's deadlines for submitting a response have passed,[4] and Defendants' motions

---

[3]In his response to CitiFinancial's motion for summary judgment, Plaintiff argues that he has also alleged causes of action against Washington Mutual/CitiFinancial for "harassment" and breach of contract.  (Docs. 48, 49.)  The Court will address this contention below.

[4]According to Appendix II of this Court's Uniform Initial Order, which was entered on June 1, 2005, "the responsive submission of the party opposing the motion for summary judgment shall be filed not later than 21 days after the motion for summary judgment is filed." (Doc. 6 at 13.)  In early May 2006, the Court's Chambers initiated a courtesy call to Plaintiff's counsel to inform them that the deadlines for responding to Defendants' motions for summary judgment had passed, and a motion for leave to file out of time would be necessary if Plaintiff wished to file a response.  Plaintiff's counsel's staff informed Chambers that Plaintiff's counsel was in the hospital.
    On May 31, 2006, Plaintiff filed its opposition to CitiFinancial's motions for summary judgment and referenced both Document # 37 and Document # 43.  (Docket Text for Doc. 48.)  Plaintiff's filing occurred 33 days after CitiFinancial re-filed their motion for summary judgment.  CitiFinancial has moved to strike Plaintiff's response as untimely.  (Doc. 50.)  This motion will be denied.

are ready for decision. Upon due consideration, Defendants' motions for summary judgment will be granted in all respects.

II.     Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the

---

However, because Plaintiff chose to file an opposition to CitiFinancial's motion for summary judgment only and did not respond to the motions for summary judgment filed by SALP/Resurgent and Tate & Kirlin Associates, the Court assumes that Plaintiff has no response to these motions and will proceed accordingly.

court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

III.   Analysis.

    A.   CitiFinancial.

Although the three counts alleged in Plaintiff's Amended Complaint state causes of action for: (1) invasion of privacy; (2) outrage; and (3) violation of the Fair Debt Collection Practices Act (Doc. 1, "First Amendment to Complaint" at 5-6), Mr. Lewis concedes in his response

submission that these claims are "all directed at other defendants and not Washington Mutual, [now CitiFinancial]." (Doc. 49 at 2.) Mr. Lewis argues, however, that he made claims for "harassment" and breach of contract against CitiFinancial/Washington Mutual and contends that these causes of action should proceed to trial. (*Id.*) Plaintiff concedes that these alleged causes of action are "not designated as counts in the complaint," but proffers that "they are within Rule 8 of the Federal Rules of Civil Procedure." (*Id.* at 6.) CitiFinancial disputes this assertion. (Doc. 51.)

    1.    "Harassment."

Mr. Lewis contends that he has stated a claim for the Alabama tort of "harassment," but he does not identify any case law that establishes the existence of this alleged cause of action. (*Id.* at 6-7.) While Alabama courts have recognized common law causes of action for assault and battery, invasion of privacy, negligent training and supervision, and outrage resulting from egregious sexual harassment, *see, e.g., Machen v. Childersburg Bancorporation, Inc.*, 761 So. 2d 981, 983 n.1 (Ala. 1999), "harassment," alone, is not a viable legal theory under Alabama law. Therefore, it is clear that this alleged claim must be dismissed.

2. Breach of Contract.

Upon review of Plaintiff's Amended Complaint, it is also clear that Mr. Lewis has not stated a cause of action for breach of contract. "[A]t a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001).

The material elements necessary to establish a cause of action for "breach of contract" under Alabama law are: "(1) a valid contract binding the parties; (2) the plaintiff['s] performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages. *Reynolds Metal Co. v. Hill*, 825 So. 2d 100, 105-06 (Ala. 2002) (citing *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 303 (Ala. 1999)). Yet, all four elements cannot be inferred from Mr. Lewis's factual allegations against Washington Mutual. (*See* Doc. 1, "First Amendment to Complaint" at 2, ¶ 5.) Notably, there is no allegation or description of resulting damages from CitiFinancial/Washington Mutual's supposed breach of any contract.

Mr. Lewis has also failed to comply with what he agrees is his

obligation under Fed. R. Civ. P. 8 to "demand judgment for the relief the pleader seeks." (Doc. 49 at 6.) Plaintiff cites to his request for actual damages and mental anguish "[a]t the end of the amended complaint," (*id.*) but that particular prayer for relief is clearly tied to "Count Three(A)," or Mr. Lewis's claim under the Fair Debt Collection Practices Act. (Doc. 1, "First Amendment to Complaint" at 5-6.) The Amended Complaint does not contain a demand for judgment against CitiFinancial or Washington Mutual for breach of contract.

    Moreover, the Court also notes that a "Joint Status Report" was filed on May 2, 2006, which was compiled and signed by both Plaintiff's and Defendants' counsel. (Doc. 45.) According to this Court's Order on October 13, 2005, the Joint Status Report must include "each plaintiff's claims, including each legal theory relied upon and the factual allegations he/she expects to prove in support of each legal theory." (Doc. 30 at 3.) The parties were informed that the Joint Status Report would "be used in any subsequent summary judgment proceeding," and they were required to "state precisely the issues expected to be tried." (*Id.*) The parties' Joint Status Report in this case states that "Lewis'[s] Amended Complaint

contained the following causes of action: Count One—Invasion of Privacy; Count Two—Outrage; and Count Three—Violation of the Fair Debt Collection Practices Act." (*Id.* at 1-2.) "Breach of contract" is absent from this list, and there is no mention of "breach of contract" in the section entitled "Plaintiff's Claims." (*Id.* at 10-11.)

A plaintiff may not raise a new legal claim for the first time in response to the opposing party's summary judgment motion. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312 (11th Cir. 2004). Therefore, CitiFinancial is entitled to summary judgment on Mr. Lewis's claim of breach of contract, and CitiFinancial will be dismissed from this cause.[5]

B.   SALP, Resurgent, and Tate & Kirlin.

Plaintiff has not submitted any legal argument or evidence in opposition to the motions for summary judgment filed by SALP, Resurgent, and Tate & Kirlin, which were filed over six months ago. Moreover, after a

---

[5]Even if this Court determined that a claim for "breach of contract" had been properly asserted in Plaintiff's Amended Complaint, Mr. Lewis does not address his burden to produce supporting evidence in opposition to CitiFinancial's motion for summary judgment. (Docs. 48-49.) The Court has reviewed the evidence in the record, and Mr. Lewis has not adduced sufficient evidence to convince a reasonable jury that CitiFinancial or Washington Mutual is liable for breach of contract because it sought to collect payments on Plaintiff's outstanding debt.

courtesy call from Chambers reminding Plaintiff's counsel that their response submission was overdue, Mr. Lewis chose to oppose only CitiFinancial's motion for summary judgment.[6]  "There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (citing *Blue Cross & Blue Shield v. Weitz*, 913 F.2d 1544, 1550 (11th Cir.1990)).  "The onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." *Id.* (citing *Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994)).  The Court has reviewed the evidence in the existing record, and Mr. Lewis has not adduced sufficient admissible evidence to create a jury issue on any of his claims against SALP, Resurgent, and Tate & Kirlin.  Therefore, these defendants are entitled to summary judgment and will be dismissed from this cause.

---

[6]In accordance with the requirements outlined in this Court's Uniform Initial Order, therefore, all material facts set forth in SALP, Resurgent, and Tate & Kirlin's motions for summary judgment are deemed admitted because they have not been controverted by the plaintiff.  (Doc. 6 at 17.)

IV.  Conclusion.

For the reasons set forth above, Defendants' motions for summary judgment are due to be granted in all respects.  A separate order in conformity with this opinion will be entered.

Done this 23rd day of August 2006.

                                            L. SCOTT COOGLER
                                  UNITED STATES DISTRICT JUDGE
                                               124153